Eastern District of Kentucky
FILED
SEP 2 6 2005
AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON

**CRIMINAL ACTION NO. 05-14-DLB**

**UNITED STATES OF AMERICA**                               **PLAINTIFF**

**VS.**                            **OPINION AND ORDER**

**TRACEY SCOTT ESTEPPE**                              **DEFENDANT**

                           \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This matter is before the Court upon Defendant's objection to the probation officer's recommendation that he be deemed "career offender" pursuant to § 4B1.1 of the Federal Sentencing Guidelines. More particularly, Defendant argues that he should not be deemed a career offender because the three offenses identified in paragraphs 31, 32, and 33 of the Presentence Investigation Report (PSR) were part of a common scheme or plan and were jointly planned and/or the commission of one offense entailed the commission of the other. Defendant further argues that because the three offenses, if they had been charged in a single indictment, would have been deemed relevant conduct under the guidelines, counting the three convictions separately is unfair. In support of his argument, Defendant relies upon the Sixth Circuit's decision of *United States v. Irons*, 196 F.3d 634 (6th Cir. 1999) and *United States v. Carter*, 283 F.3d 755 (6th Cir. 2001).

During the sentencing hearing on September 23, 2005, Defendant testified that he had planned the escape and subsequent burglaries prior to his July 6, 1993 escape. After hearing argument on the objections, the Court overruled Defendant's objection and found Defendant did have two or more crimes of violence for career offender purposes. By this

Order the Court provides the reasoning for its decision.

Whether an offender is classified as a career offender is governed by U.S.S.G. § 4B1.1(a) of the Sentencing Guidelines which provides:

(a) a defendant is a career offender if --

(1) defendant was at least 18 years of age at the time defendant committed the instant offense of conviction;

(2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and

(3) defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. In this case, there is no dispute that Defendant satisfies the first two prongs of § 4A1.1(a), a point conceded by defense counsel at sentencing. Defendant's objections relate to whether he has at least two prior felony convictions of a crime of violence.

**Relevant facts found by a preponderance of the evidence**

In the PSR, the probation officer noted that Defendant had committed three crimes of violence in a relatively short period of time. In fact, during sentencing Defendant did not object to the facts contained in paragraphs 31 through 33 of the PSR. The PSR reveals that on July 6, 1993, Defendant escaped from the Clark County, Kentucky, Detention Center.

Defendant testified that he had originally been arrested around March 28, 1993 and was told by authorities he was facing 40-45 years if convicted on all offenses. Because Defendant was not indicted by the state of Kentucky within a specified period of time, he was released from state custody. Defendant recalls being released on approximately July

2

2nd or 3rd, 1993. According to Defendant, because he believes he would ultimately be re-arrested, he planned his escape from the county jail during the interim period between his release and re-arrest on July 5, 1993.

Defendant's plan was to flee the jurisdiction, steal a vehicle he could use to flee, obtain another identity via use of a false identification, and get a job in another state where he could avoid prosecution. Defendant was re-arrested on July 5, 1993 and escaped from the Clark County Detention Center on July 6, 1993. Defendant thereafter stole a vehicle from a resident of Clark County, Kentucky. When that vehicle broke down, Defendant burglarized a home in Mt. Sterling, Kentucky in an effort to obtain another vehicle. During that in-home burglary, Defendant stole two purses from the residence and was able to obtain the keys to a vehicle from the driveway of that residence.

Defendant thereafter traveled to Greenville, South Carolina. On July 11, 1993, Defendant committed a second burglary. On this occasion, Defendant entered the dwelling of a victim in Greenville, South Carolina and stole the victim's purse, keys, cash, and another vehicle. After obtaining this stolen vehicle, Defendant returned to Kentucky. Although Defendant testified all three of the alleged crimes of violence were jointly planned by him in advance of the escape, for the following reasons, the Court finds that testimony lacks credibility.

First, if Defendant was so worried about the time he was facing (40-45 years) on the Kentucky state charges, it makes far more sense that he would have fled the jurisdiction when he was released on July 2nd or 3rd, 1993. Planning an escape from custody while released is simply illogical. Although the Court recognizes that Defendant is not the most educated person, if the Defendant wanted to flee so badly to avoid 40-45 years in the state

3

penitentiary, it seems he would not have waited to be re-arrested before putting his plan into effect. It makes much more sense that he would have fled immediately during the 2-3 days he was out of state custody. Second, although Defendant knew he was wanted by Kentucky authorities, he returned to Kentucky from South Carolina soon after he had burglarized a home there and stolen another vehicle. If Defendant was serious about his plan to escape and flee Kentucky, he would not have returned to Kentucky. Third, although Defendant testified he wanted to get another identification, there was no attempt by him to obtain the identification so he could assume another identity. Although the escape may have been planned, the Court discredits Defendant's testimony when he stated he planned all three crimes prior to his escape.

Based on the sequence of events, the Court concludes Defendant went on a crime spree which included escaping from the Clark County Detention Center and subsequent burglary of two homes in Kentucky and South Carolina. The sequence of events is far more likely to be crime spree rather than a jointly planned event.

The offenses of escape and burglary of a dwelling (Burglary, 2nd degree) are indisputably felony crimes of violence for purposes of the career offender guideline. Although Defendant argued otherwise, the Sixth Circuit has held that the crime of escape otherwise involves conduct that presents a serious potential risk of injury to another. *See United States v. Harris,* 165 F.3d 1062, 1067-68 (6th Cir.1999) (escape, by its nature, presents a serious potential risk of physical injury and thus constitutes a crime of violence under § 4B1.2(a)(2)). Additionally, a crime of violence also includes burglaries of dwellings. *See* U.S.S.G. § 4B1.2(a)(2) (includes "burglary of a dwelling")

4

On August 7, 1993, Defendant was arrested in Clark County, Kentucky. On September 21, 1993, Defendant plead guilty to the escape charge in Clark County, Kentucky, Circuit Court, and on October 3, 1993, Defendant was sentenced to five years imprisonment on that offense.

On March 25, 1994, Defendant entered a guilty plea to the burglary, second degree offense from Montgomery County, Kentucky, Circuit Court. On June, 10, 1994, Defendant was sentenced to an eight year prison term which was ordered to run consecutively to the five year sentence he received for the escape conviction from Clark County.

On December 14, 1994, Defendant pled guilty to the Greenville, South Carolina burglary, second degree charge, and was thereafter sentenced to fifteen years imprisonment, which was ordered to run concurrently with the term of imprisonment imposed by the Montgomery County Circuit Court.

**Analysis**

Section 4A1.2(a)(2) dictates that prior sentencings in unrelated cases be counted as a single sentence and prior sentencings in unrelated cases be treated separately. The guidelines commentary explains that prior sentencings will be considered "related" if they occurred on the same occasion or part of a common scheme or plan, or were consolidated for trial and sentencing, unless they were offenses that were separated by an intervening arrest. U.S.S.G. § 4A1.2 n.3. Based on his testimony, Defendant argues that the three prior felony convictions for escape and/or burglary were part of a common scheme or plan and that they were jointly planned and/or the commission of one entailed the commission of the other. For the reasons set forth herein, the Court has not credited that testimony.

Whether prior offenses are part of a "single common scheme or plan," as would render them "related" under the guidelines depends on whether the offenses were jointly planned, or the commission of one entailed the commission of the other. *United States v. Irons*, 196 F.3d 634, 638 (6th Cir. 1999). Defendant has the burden of establishing that his escape and prior burglaries were jointly planned or that the commission of one entailed the commission of the others. *Id.* at 639.

Although Defendant testified and defense counsel argued that the three crimes were committed, planned, and prepared in an effort to permit Defendant to pull off a successful escape, the Court concludes that Defendant has failed to show that he intended from the outset to escape and commit both burglaries. Further, the Court finds that Defendant has failed to show that he intended to commit one crime which, by necessity, involved the commission of a second crime.

In this case, although two of the offenses were committed within the same geographical area[1], the second burglary was committed in South Carolina, five days after Defendant escaped from the Clark County Jail, and hundreds of miles away from Kentucky. Moreover, the Court finds that the conduct of Defendant is best characterized as a crime spree committed over a period of days involving separate victims in separate locations. As stated by the Sixth Circuit in *Irons*, prior convictions are not related merely because they are part of a crime spree, *id.* at 638, and forming the same intent to burgle at two distinct times does not evidence joint planning. *Id.* at 639. Additionally, neither geographical proximity nor temporal proximity demands a finding that defendant jointly

---

[1] The Court takes judicial notice that Clark and Montgomery Counties are adjacent counties located in central Kentucky.

6

planned the two crimes, *id.*, and the crimes are not necessarily related because they are similar in nature, committed for the same purpose, or have a common goal. *Id.* Although the offenses were not separated by an intervening arrest, Defendant pled guilty and was sentenced on three different occasions for three separate crimes of violence.[2]

Not only does the Court conclude that the crimes were not part of the same common scheme or plan, the Court further concludes that the commission of one offense did not necessarily require the commission of another offense. There is no credible evidence that the commission of the escape would in any way entail the commission of the subsequent burglaries. In fact, once Defendant had escaped from the Clark County Detention Center, the separate dates, geographic locations of the two burglaries involved, and separate unrelated victims suggest the burglaries were random decisions made at the time, rather than offenses which were jointly planned prior to Defendant escaping.

For all of these reasons, the Court concludes that the three offenses set forth in paragraphs 31, 32, and 33 of the PSR are not related offenses for career offender purposes. Thus, Defendant's objection to career offender status is **OVERRULED**.

This 26th day of September, 2005.



Signed By:
David L. Bunning
United States District Judge

G:\DATA\ORDERS\CovCrim\2005\14-order.wpd

---

[2] To the extent Defendant argues for the adoption of the interpretation of "single common scheme or plan" as set forth in *United States v. Breckenridge*, 93 F.3d 132, 137-38 (4th Cir. 1996), his argument is without merit. The Sixth Circuit rejected the *Breckenridge* interpretation in its decisions in *Irons*.